IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ROBERT GOTTLIEB and<br>LOIS GOTTLIEB,<br><br>      Plaintiffs,<br><br>      v.<br><br>J. TIMOTHY HALL,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)      1:05cv1184(JCC)<br>)<br>)<br>)<br>)<br>) |

**M E M O R A N D U M   O P I N I O N**

      This matter comes before the Court on Defendant's Motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for a more definite statement pursuant to Rule 12(e).  For the following reasons, the Court will deny Defendant's Motion.

**I.  Background**

      Plaintiffs, Robert and Lois Gottlieb, filed this diversity of citizenship action against Defendant, J. Timothy Hall, seeking the sum of $250,000 plus interests and costs. Plaintiffs' claim is stated entirely within Paragraph 5 of their Complaint:

> Defendant owes plaintiffs Two Hundred and Fifty
> Thousand Dollars ($250,000.00) with interest thereon at
> the rate of twelve (12%) percent per annum for money
> lent by plaintiffs to defendant on September 25, 2003.

(Compl. ¶ 5.)  Based on the brevity of Plaintiffs' claim, Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted, or in the alternative,

for a more definite statement. This Motion is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under Rule 12(e), a party may move for a more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for more definite statements are not favored.

*See, e.g., Frederick v. Koziol*, 727 F. Supp. 1019, 1021 (E.D. Va. 1990) (denying motion for more definite statement where court determined that complaint was not so vague and ambiguous so as to preclude defendant from framing a responsive pleading).  Rather, motions for more definite statements are "'designed to strike at unintelligibility rather than simple want of detail,'" and will be granted "only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading."  *Id*. (quoting *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985)).  *See also Wilson v. United States*, 585 F. Supp. 202, 205 (M.D. Pa. 1984); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398, 406 (E.D. Pa. 1981).

### III.  Analysis

The liberal pleading standards of Rule 8 are generally met by a complaint using the language of one of the illustrative forms set forth in the Appendix to the Federal Rules of Civil Procedure.  *See Conley*, 355 U.S. at 47 ("[A]ll the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  The illustrative forms appended to the Rules plainly demonstrate this.") (citation and internal quotation omitted).  The illustrative form relevant to this action states as follows:

```
Form 6.  Complaint for Money Lent
. . .
2.  Defendant owes plaintiff ____ dollars for money
lent by plaintiff to defendant on [the date of the
loan].
. . .
```
Fed. R. Civ. P. App. Form 6.

The language used in Paragraph 5 of Plaintiffs' complaint tracks this language almost exactly.  Such a pleading is sufficient to constitute a "short and plain statement" of a breach of contract claim.  Accordingly, it withstands Defendant's Motion to dismiss.  *See Loftus v. S. Penn. Transp. Auth.*, 843 F. Supp. 981, 987 n.7 (E.D. Pa. 1994) ("to satisfy Rule 8 requirements a complaint for money lent need only allege the amount owed the plaintiff and the date the money was lent to the defendant").

As an alternative to dismissal, Defendant asks this Court to grant his motion for a more definite statement. Specifically, Defendant requests that Plaintiffs be ordered to state a description of the person or entity to which the loan was made, all alleged obligors, the material terms of the loan breached, and a reasonable estimate of the amounts alleged to be currently due from each obligor.  In his reply memorandum, Defendant also claims that the Complaint has supplied insufficient information to allow him to determine whether the Gottliebs are proper plaintiffs in this action.

A motion for a more definite statement is not to be used as a substitute for the discovery process, and the motion should be denied where the information sought is available or properly sought through discovery. *Frederick*, 727 F. Supp. at 1020-21. Plaintiffs' Complaint sufficiently identifies the date of the loan and the amount of money due. Moreover, it clearly names Defendant as a recipient of the loan and, as such, a principal debtor. Such is adequate to give Defendant fair notice of the claim against him. Any other information Defendant seeks is readily attainable through discovery. Because the Complaint is sufficient to allow Defendant to respond, his Motion for a more definite statement will be denied.

### IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion to dismiss and alternative Motion for a more definite statement. An appropriate Order shall issue.


November 22, 2005　　　　　　　　_____/s/_____
Alexandria, Virginia　　　　　　　　　　James C. Cacheris
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE